IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                              CRIMINAL NO. 03-1943 JB

ROBERT L. MYERS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Defendant Robert Myers' Motion for Downward Departure, filed February 11, 2004 (Doc. 16). The primary issue is whether the Court should depart from the applicable guideline range in this case because of the presence of a combination of alleged unusual or extraordinary circumstances. Because the Court finds that the factors Myers relies upon do not, under the circumstances of this case, justify a downward departure, either individually or in combination, the Court will deny the motion and sentence Myers within the applicable guideline range. And while the Court finds that the factors Myers advances do not satisfy the sentencing guidelines' requirements for a downward departure, the Court would, in its discretion, decline to depart even if the guidelines authorized a downward departure under the facts of this case.

**BACKGROUND**

    Myers is before the Court for sentencing following his plea of guilty to the charge of Bank Fraud, 18 U.S.C. § 1344. Pursuant to U.S.S.G. § 2B1.1(a), the base offense level is 6. Because the amount of the loss exceeded $400,000, the offense level increases by 14 levels. The adjusted offense level is 20. After a three level reduction for acceptance of responsibility, the final adjusted offense

level is 17.  The parties do not dispute this starting point.

Myers has asked this Court to depart from the applicable offense level of 17 by seven levels based on a number of considerations.  Myers has supported his request by asserting that a combination of his age; his physical condition; his family ties and obligations; and his history of military, civic, charitable, and public service, presents a case that falls outside the heartland of cases which the Sentencing Commission considered when constructing the guidelines. Myers also contends that he is entitled to a downward departure because he suffered from diminished capacity and his conduct constitutes aberrant behavior.  Myers contends that each of these six factors entitle him to a one level reduction and that the combination of all factors entitles him to one additional level, for a total of seven levels.  See Transcript of Sentencing Hearing at 20:4-25 (February 27, 2004).[1]

The Court has reviewed the pre-sentence report, 315 pages of materials that Myers submitted to the Court in support of his motion, as well as the Government's brief in opposition to the motion for downward departure.  These materials included extensive medical records on both Mr. and Mrs. Myers, as well as letters of support from acquaintances, relatives, and treating physicians.  The Court has also considered the various arguments presented by counsel at the sentencing hearing held on February 27, 2004.

## LEGAL ANALYSIS

In general, courts must impose a sentence within the applicable guideline range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that

---

[1] The Court's citations to the transcript refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1). See U.S.S.G. § 5K2.0(a)(1). The central question in the decision to depart is whether "the particular factor is within the heartland [of typical cases] given all the facts of the case." Koon v. United States, 518 U.S. 81, 99-100 (1996). "If the special factor is a discouraged factor, . . . the court should depart only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Id. at 96.

The Court of Appeals for the Tenth Circuit has recognized that a combination of factors may warrant departure even where no one single factor is sufficient. See United States v. Jones, 158 F.3d 492, 505 (10th Cir. 1998)("The permissible departure factors available to the district court, in the aggregate, provided a proper basis for departure, and are supported adequately in the record."). Because, under the facts of this case, Myers' mental state and offense conduct do not meet the requirements of diminished capacity and aberrant behavior, however, those factors do not support a departure under the sentencing guidelines. The Court further finds that the other factors Myers' relies upon are not present in this case "to an exceptional degree or in some other way [that] makes the case different from the ordinary case where the factor is present." Koon v. United States, 518 U.S. at 96. The Court does not believe that the sentencing guidelines authorize a downward departure under the facts of this case, but in any event, would exercise its discretion not to depart even if allowed to do so by the guidelines.

**I.    MYERS DOES NOT MEET THE REQUIREMENTS FOR A DOWNWARD DEPARTURE BASED ON EITHER DIMINISHED CAPACITY OR ABERRANT BEHAVIOR.**

The sentencing guidelines allow courts to consider diminished capacity and aberrant behavior as grounds for departure from the applicable guideline range. Each ground, however, has certain

requirements that a defendant must meet before he or she can benefit from those provisions. Because the Court finds that Myers does not satisfy the requirements of these guidelines, it will decline to grant a downward departure on either basis.

### A.     DIMINISHED CAPACITY

The sentencing guidelines recognize that a downward departure may be warranted if "(1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." U.S.S.G. § 5K2.13, p.s.  A court may not depart, however, if "the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants[.]" Id. "'Significantly reduced mental capacity' means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." Id., comment. (n.1).

Myers states that he suffered from severe depression and fear of bankruptcy. He also informs the Court that, until 1999, he abused alcohol for many years in an effort to overcome his depression. The guidelines preclude any departure based on voluntary drug or alcohol use. See U.S.S.G. §5K2.13, p.s.

Under § 5K2.13, "[t]he defendant must have acted under the influence of a significantly reduced mental capacity to be eligible for any departure at all." United States v. Cordova, 337 F.3d 1246, 1249 (10th Cir. 2003). And again, the Tenth Circuit warned that, if a sentencing court departs from the guidelines based on this policy statement, "'the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.'" Id. (quoting U.S.S.G. § 5K2.13, p.s.).  Based on the record before the Court, it does not appear that

-4-

Myers' depression significantly reduced his mental capacity at the time he committed these offenses or that it substantially contributed to the commission of his offenses.

Although Myers has submitted documentation to the Court in support of his contention that he suffers from Major Affective Disorder (depression), he has not established that he suffered from a significantly reduced mental capacity at the time he committed the crimes. The offense conduct occurred from July 2001 through March 2002. The documentation Myers provided to the Court indicates that, when Dr. William Summers evaluated him on October 1, 2003, he found Myers' examination consistent with a diagnosis of Major Affective Disorder. See Letter to Sandra J. Medick from William K. Summers, M.D., dated November 7, 2003. Dr. Summers states in another letter that it is his "strong suspicion that many of [Myers'] flawed decisions in 2000-2002 were driven by a pathological thought process . . . ." Letter to Sandra J. Medick from William K. Summers, M.D., dated January 10, 2004. Despite these letters, Myers has not submitted evidence to the Court which demonstrates that he suffered from a significantly reduced mental capacity during the specific period of time that he committed these crimes.

Myers' daughter, a clinical psychologist, also submitted a letter stating that it is her, "professional opinion as a clinical psychologist, that [her] father has suffered from a major depressive disorder . . . for much of the last 15 years." Letter from Sandra L. Kilpatrick, Ph.D., dated June 21, 2003. Dr. Kilpatrick is not Myers' treating physician, nor does it appear that she has conducted any testing to confirm his mental state during the time he committed these crimes. Accordingly, the Court finds that the sentencing guidelines do not authorize a downward departure based on diminished capacity under the facts of this case.

### B.     ABERRANT BEHAVIOR

Under § 5K2.20 of the sentencing guidelines, a court may sentence below the applicable guideline range if, in an exceptional case, it finds that the offense conduct constitutes aberrant behavior. A downward departure may be appropriate if "the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." U.S.S.G. § 5K2.20, p.s. "[A] fraud scheme generally would not meet such requirements because such a scheme usually involves repetitive acts, rather than a single occurrence or single criminal transaction, and significant planning." Id., comment. (n.2).

Myers has plead guilty to two counts of bank fraud. He admitted in Count One of the information that he committed criminal acts constituting a scheme and artifice to defraud First Bank, which spanned a period over seven months from August 2, 2001, to March 15, 2002. During that period, he sold eight recreational vehicles or trucks out of trust, causing damage of approximately $160,000.

Count Two reveals that Myers committed a scheme and artifice to defraud Compass Bank of approximately $387,000. He sold 23 recreational vehicles and trucks over a period of approximately six months from July, 2001, to January, 2002, and converted the money to his own use. When combined with the conduct in Count One, Myers criminal activity occurred over a period of eight months and involved 31 recreational vehicles and over a half million dollars. The Court believes that this continued and prolonged misconduct does not fall within the definition of aberrant behavior.

In this case, the Court believes that, based on his continued course of criminal conduct, Myers

is ineligible for application of section 5K2.20. Myers' crimes do not consist of a single criminal occurrence or transaction. They were not limited in duration. They were not committed without significant planning. The elements of § 5K2.20 are not satisfied in this case. The Court will not grant a downward departure based on aberrant behavior.

## II. THE SPECIAL OFFENDER CHARACTERISTICS THAT MYERS ADVANCES ARE INDIVIDUALLY AND COLLECTIVELY INSUFFICIENT TO JUSTIFY A DOWNWARD DEPARTURE.

There is no dispute that the factors Myers relies upon in his motion for downward departure are themselves disfavored or discouraged factors. The Court does not believe that these factors, either alone or in combination, support a downward departure. The Court believes that, despite the considerable material that he has presented to the Court, Myers has not sufficiently supported his request for a downward departure.

### A. PHYSICAL CONDITION

"Physical condition . . . is not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.4, p.s. A departure may be warranted, however, if the Court finds that Myers has "an extraordinary physical impairment." Id. The Court has reviewed the medical documentation that Myers provided to the Court. The Court is aware that Myers suffers from several health problems, including low bone density, hypertension, and high cholesterol.

There is evidence in the record that suggests that Myers' physical condition is not an appropriate basis for downward departure. In a November 7, 2003 report, Dr. Summers says that, medically, Myers is in a "good prognosis category." Dr. Summers' Letter to Sandra Medick, November 7, 2003. A report from Presbyterian Heart Group indicated that Myers "says he is feeling fine." Presbyterian Heart Group Report, Subjective Summary (September 10, 2002). The pre-

sentence report records that Myers is in good physical condition. See PSR ¶ 68, at 18. On the record before it, the Court does not believe that Myers has established the "extraordinary physical impairment" that the sentencing guidelines require.

The Tenth Circuit has addressed this issue. See United States v. Peterson, 225 F.3d 1167, 1171 (10th Cir. 2000)("Nothing in the record indicates that Peterson's age and health were of unusual concern. Indeed, the PSR notes that Peterson is 61, suffers from diabetes and hypertension, and has been treated for depression and anxiety. The PSR then states that Peterson's 'physical and mental condition are not extraordinary to the extent that a downward departure is justified.' Based on the record before us, we conclude that Peterson did not make his age and ill health argument in good faith."). Just as in Peterson, the health problems Myers suffers do not warrant a downward departure.

### B.    AGE

"Age . . . is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.1, p.s. Age may be a reason to grant a downward departure "when the defendant is elderly and infirm[.]" Id. The mere fact that a defendant is elderly does not justify a downward departure. Because age is a discouraged factor, the Court may depart on that basis only if "the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Koon v. United States, 518 U.S. at 96.

Consistent with the previous section, the Court does not believe that Myers is so infirm that home detention is required to manage his healthcare. And again, Myers' age standing alone does not warrant the downward departure. Myers relies on a Tenth Circuit case in which the sentencing court granted a one level downward departure based on the combination of age and physical condition.

See United States v. Collins, 122 F.3d 1297, 1308-09 (10th Cir. 1997), overruled on other grounds by United States v. Jones, 332 F.3d 1294, 1999 (10th Cir. 2003).  In United States v. Collins, however, the sentencing court also considered other compelling circumstances that are not present in Myers' case.  See United States v. Collins, 122 F.3d at 1308.  The Court does not believe that Myers' age justifies a downward departure.

### C.  FAMILY TIES AND RESPONSIBILITIES

"Family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted."  U.S.S.G. § 5H1.6, p.s.  The primary concern in this case is the defendant's wife, Mrs. Myers.  Mrs. Myers suffers from several health problems and currently receives all of her financial support from the defendant.  Mrs. Myers has one daughter who lives in Albuquerque.  The Court has also reviewed a letter from another daughter, who lives in Tennessee, in which she proposed to move both her father and mother nearby so that she could attend to their needs.  See Letter to the Court from Sandra L. Kilpatrick, Ph.D. (June 21, 2003).  In addition to the daughters, the Court believes that there are other family members, as well as transportation systems, that could tend to Mrs. Myers' needs in Mr. Myers' absence.  The Court will not grant a downward departure on this basis.

### D.  RECORD OF PRIOR GOOD WORKS

"Military, civic, charitable, or public service; employment-related contributions; and similar prior good works are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range."  U.S.S.G. § 5H1.11, p.s.  Myers refers the Court to the pre-sentence report, which states that he was "very charitable while he was prosperous and appears to have been a respectable businessman."  PSR ¶ 71, at 19.  Myers also points out that he financially supported

charitable organizations and was a member of the National Guard from 1948 to 1950. The Court does not believe, however, that Myers' record of prior good works warrants a downward departure in this case. The guidelines discourage departures on this basis, and the Court cannot say that "the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Koon v. United States, 518 U.S. at 96.

### E.  COMBINATION OF FACTORS

Myers has requested a downward departure based on the presence of discouraged factors and argues that, in combination, those factors justify such a departure. The parties and the probation office appear to agree with the Court that these factors are ordinarily not relevant to the determination of whether a sentence should be outside the applicable guideline range. The Court does not believe that the individual characteristics Myers relies upon support a downward departure, either alone or in combination. None of the factors are present to "an exceptional degree." Id.

The Court also does not believe that these factors, even in combination, move this case out of the heartland of criminal cases considered by the sentencing guidelines. Accordingly, the Court will not grant a downward departure based on the combination of these discouraged factors.

### III. EVEN IF MYERS MET THE SENTENCING GUIDELINES' REQUIREMENTS FOR A DOWNWARD DEPARTURE, THE COURT WOULD EXERCISE ITS DISCRETION AND DENY THE MOTION.

While the Court does not believe that the guidelines authorize a downward departure, either alone or in combination, the Court would choose not to depart because it does not believe the departure is warranted under the facts and circumstances of this case. Even if the guidelines authorized a departure under the facts of this case, the Court would exercise its discretion not to depart. After reviewing the sentencing guidelines and the cases interpreting them, the Court does not

believe that this case falls outside of the heartland of cases.

The Court also does not believe that Mr. Myers has articulated a sufficient reason for the requested seven level departure. The Tenth Circuit has "consistently required that the district court must specifically articulate reasons for the degree of departure using any *reasonable methodology hitched to the Sentencing Guidelines*, including extrapolation from or analogy to the Guidelines." United States v. Goldberg, 295 F.3d 1133, 1138 (10th Cir. 2002)(quoting United States v. Hannah, 268 F.3d 937, 941 (10th Cir.2001))(emphasis added by Goldberg court, internal quotation marks omitted). Myers has not provided such a methodology for the degree of departure he requests. Likewise, the Court cannot articulate a methodology by which it would arrive at the decision to grant a seven level downward departure.

The Court believes that Myers is seeking what the sentencing guidelines prohibit, a result oriented departure of seven levels to avoid any incarceration as a result of his criminal conviction. The Tenth Circuit has repeatedly stated that the desire to impose a non-incarceration sentence is not a permissible basis for a particular degree of downward departure. See United States v. Cordova, 337 F.3d at 1249 ("[T]he district court may not determine *ex ante* that the defendant should not serve any jail time and then choose a degree of departure to achieve the desired result."); United States v. Goldberg, 295 F.3d at 1139 (answering in the negative the question whether district court could choose degree of departure based on desire to avoid incarceration). Accordingly, the Court declines to depart from the applicable sentencing guideline range for the reasons and to the degree that Myers requests.

**IT IS ORDERED** that the Defendant Robert Myers' Motion for Downward Departure is denied. The Court will sentence Myers within the applicable guideline range.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

David C. Iglesias
　United States Attorney
Mary Catherine McCulloch
　Assistant United States Attorney
Albuquerque, New Mexico

　　*Attorneys for the United States*


Joseph Riggs, III
Albuquerque, New Mexico

　　*Attorney for Defendant*