## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                 No. CR 03-1943 JB

ROBERT MYERS,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Court to Modify His Term of Imprisonment, filed January 25, 2005 (Doc. 24). The primary issue is whether the Court has the authority to modify Defendant Robert Myers sentence over one year after the final judgment. Because the Court concludes that it does not have the statutory authorization to modify the sentence, the Court denies Myers' motion.

## FACTUAL BACKGROUND

Myers represents that he currently suffers from numerous chronic medical conditions including chronic lung disease and probable progression of Parkinson's Disease. Myers submits a letter from Dr. Thomas A. Cable, explaining Myers' current physical deterioration. <u>See</u> Letter from Dr. Thomas A. Cable to the Honorable James O. Browning at 1-2 (dated January 6, 2005)(hereinafter "Cable's Letter"). His lung function study, conducted at Big Spring Federal Correctional Institution ("FCI") on July 6, 2004, indicates that his short-term prognosis is poor. <u>See</u> <u>id.</u> at 1.

Additional diagnoses include cardiomegaly (enlarged heart), advanced osteoarthritis of his spine with narrowed disc spaces, and atherosclerotic changes (hardening of the arteries) in the

abdominal aorta.  See id. at 2.  Dr. Cable's conclusion is that placing Myers on home confinement

for the remainder of his sentence will increase the likelihood that he survives to complete his sentence.

See id.  The physical diagnostics above are in addition to the following maladies that Myers faced

at the time of his incarceration: symptoms of Parkinson's disease, including gait disturbance, hand

tremors, muscle wasting, etc.; osteoporosis increasing risk of hip fracture; arteriosclerotic heart

disease requiring aggressive management; hypertension; cholesterol management medications that

may have contributed to muscle wasting; multiple actinic keratoses; seborrheic keratoses; and atypical

nevi, with a history of basal cell skin cancers.  His personal physician's pre-incarceration report

included these physical maladies.  See Report at 1-3 (dated May 12, 2004).  The reporting physician

was Dr. Dennis Thompson.  See id. at 4.  Significant chronic diseases, including osteoarthritis of the

spine, atherosclerosis of the abdominal aorta, and cardiomegaly were diagnosed after the Court

sentenced Myers.  See Cable's Letter at 1.

## PROCEDURAL BACKGROUND

As part of his plea agreement, Myers waived his appeal rights.  See Plea Agreement at 5

(executed February 27, 2004).  The Court entered sentence against Myers on February 27, 2004

(Doc. 19).  Given the plea agreement, the sentence that the Court imposed that date became final on

that date.

Myers invokes the Court's equitable powers for relief not available at law and moves the

Court to modify his term of imprisonment.  The United States opposes Myers' request to have the

Court modify his term of imprisonment on the grounds that the courts lacks jurisdiction to do so.  The

parties indicated to the Court's Courtroom Deputy that they wanted the Court to decide this motion

on the briefing and without a hearing.

## LAW REGARDING SENTENCING MODIFICATION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997).  As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." Id. at § 3582(c)(1)(A), (c)(1)(B), (c)(2).

United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir. 1996)(citations and footnote omitted).[1]

Rule 35 of the Federal Rules of Criminal Procedure authorizes the district court to reduce or correct a sentence in certain situations.  See Fed. R. Crim. P. 35 (2004).  Under rule 35(a) of the Federal Rules of Criminal Procedure: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Under subsection (b), a court may "[r]educe a [s]entence for [s]ubstantial [a]ssistance" in certain situations "upon the government's motion." Id. at 35(b)(emphasis added).

Moreover, rule 36 of the Federal Rules of Criminal Procedure allows a court, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Id. at 36.

---

[1] Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004, since the Tenth Circuit's decision in United States v. Blackwell; however, neither of these amendment substantively affects the Tenth Circuit's analysis.

In <u>United States v. Blackwell</u>, the United States Court of Appeals for the Tenth Circuit reversed the district court's re-sentencing of a co-defendant seventy-two days after the original sentencing. <u>See</u> 81 F.3d at 946. In that case, the defendant, who received an initial sentence of fifteen months imprisonment, moved the court for a resentencing because "three days prior to his sentencing, Defendant's supplier pleaded guilty to distributing fifty-five ounces of cocaine and the United States District Court for the District of Utah sentenced her to probation." <u>Id.</u> The court held a re-sentencing hearing seventy-two days after the original sentencing, and, at that hearing, reduced the defendant's sentence to "three-years probation, with six-months home detention." <u>Id.</u> at 947. In explaining its authority to modify the defendant's sentence, the district court relied on "two alternative sources of authority . . . : (1) the court's 'inherent jurisdiction' to right injustices, and (2) Fed. R. Crim. P. 35[.]" <u>Id.</u>

The Tenth Circuit rejected the district court's reliance on rule 35, rule 36 or its "inherent authority," and concluded that "the court lacked jurisdiction to resentence Defendant." <u>United States v. Blackwell</u>, 81 F.3d at 949. The Tenth Circuit held first that the only option under § 3582 applicable to that case was whether rule 35 granted the court authority to modify the defendant's sentence. <u>See id.</u> at 948. Rule 35(a) did not apply "because the court did not correct Defendant's sentence within seven days after the original sentence was imposed, but resentenced Defendant seventy-two days later." <u>United States v. Blackwell</u>, 81 F.3d at 848 (discussing then rule 35(c)). The Tenth Circuit also held that rule 35(b) did not apply: "Because subsection (b) applies only to motions made by the government, a defendant cannot invoke Rule 35(b) and empower the court to reduce his sentence." <u>United States v. Blackwell</u>, 81 F.3d at 848.

-4-

**UNITED STATES v. BOOKER**

In United States v. Booker, the Supreme Court of the United States held that its decision in Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004), applied to the federal Sentencing Guidelines.   See United States v. Booker, 125 S.Ct. at 749 ("[T]here is no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue in [Blakely]."); id. at 755 ("[O]ur holding in Blakely applies to the Sentencing Guidelines."). Consequently,  the Supreme Court held unconstitutional two provisions of the federal sentencing statute that made the Guidelines binding and mandatory on district courts assessing sentences, and held that they must be excised from the statute. See id. at 756-57, 764-65.  Specifically, the Supreme Court excised 18 U.S.C. § 3553(b)(1), which made the Guidelines mandatory, and 18 U.S.C. § 3742(e), which set the standard of review of sentences on appeal, including the provision for de novo review of departures from the Guidelines. See United States v. Booker, 125 S.Ct. at 756-57, 764-65. The result is that the Guidelines remain in effect, but are advisory, not mandatory, and courts of appeal must review sentences for "unreasonableness."   Id. at 757, 765-67, 769.

The Tenth Circuit has indicated that the Supreme Court holding set forth in Blakely and extended in Booker to the Sentencing Guidelines does not apply retroactively.  See United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005)("Blakely does not apply retroactively to convictions that were already final at the time the Court decided Blakely, June 24, 2004.").  "Booker is to be applied retroactively to cases, such as [the defendant's], that were pending on direct review at the time of Booker's issuance." United States v. Gonzalez-Huerta, __ F.3d __, 2005 WL 807008, at *18, 27 (10th Cir. Apr. 8, 2005)(Briscoe, J., concurring in part, dissenting in part)("[T]here is no indication in Booker that it was meant to be applied retroactively, and at least two circuits have expressly so

held." (citing Humphress v. United States, 398 F.3d 855, 857 (6th Cir.2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.2005)); United States v. Tisdale, No. 04-3409, 2005 WL 737588, at *1 (10th Cir. Apr. 1, 2005)(unpublished decision)("[I]n light of *Booker*, *Blakely* does not apply retroactively to initial § 2255 motions.  Because [the defendant's] convictions were already final when *Blakely* was decided, neither *Blakely* nor *Booker* require remand for resentencing." (quoting United States v. Price, 2005 WL 535361, at *1, 5)(quotation and citation omitted)); United States v. Burridge, No. 03-4099, 2005 WL 591190, at *2 (10th Cir. Mar. 15, 2005)(unpublished decision)(holding that a defendant who had "exhausted his direct appeal and his case was final prior to the Supreme Court's decision in *Blakely*," . . . *Blakely*, as well as the Supreme Court's recent decision in *United States v. Booker*, have no applicability to [the defendant's] sentence." (citation omitted)); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005)("The Court decided *Booker* on direct appeal and did not expressly declare, nor has it since declared, that *Booker* should be applied retroactively to cases on collateral review.  We will not presume to do so for the Court."); United States v. Lucero, 123 Fed. Appx. 918, 921 (10th Cir. Feb 18, 2005)(unpublished decision)("[T]he rule announced in *Booker* is not retroactive.").[2]

## ANALYSIS

Myers argues that the Court should recognize that it has jurisdiction over the final judgment and sentence against him.  Myers identifies 18 U.S.C. § 3582 as the statutory source that grants the

---

[2] The Tenth Circuit recently decided United States v. Trujillo-Terrazas, __ F.3d __, 2005 WL 880896 (10th Cir. Apr 13, 2005), in which it vacated the district court's sentence and remanded for re-sentencing in light of Booker.  Like the other cases discussing retroactivity, however, the Tenth Circuit explained that the Booker rule, which renders the Guidelines advisory, "applies to all cases on direct review."  United States v. Trujillo-Terrazas, 2005 WL 880896, at *2.  Thus, under United States v. Trujillo-Terrazas, because this case was final at the time Blakely and Booker were decided, these decisions do not affect Myers' sentence.

Court continuing jurisdiction over his case.  Myers' request for modification thus falls under 18 U.S.C. § 3582(c)(1)(A)(i)'s requirements, which allow the court, "upon motion of the Director of the Bureau of Prisons," to modify a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction."

Myers argues that legal relief under 18 U.S.C. § 3582 is not available to him because of his physical condition.  Myers represents that he will likely die before the extensive process of applying to the Bureau of Prisons for a Motion pursuant to 18 U.S.C. § 3582 could be completed.  Myers' motion lists the alleged extraordinary and compelling reasons related to his health, and states that his condition is so dire that he has no time to fulfill the statute's requirements.

Nonetheless, Myers asserts that this statute provides the Court with the jurisdiction to modify the term of imprisonment if it -- rather than the Bureau of Prisons -- finds that extraordinary and compelling reasons warrant such a reduction.  Myers argues that, although the facts in this case do not allow the direct use of 18 U.S.C. § 3582, the statute indicates that the Court, as the sentencing court, retains jurisdiction over the matter of modifying a term of imprisonment.  Myers then makes his argument, without a motion from the Director of the Bureau of Prisons, directly to the Court, asserting that extraordinary and compelling reasons warrant the Court granting him equitable relief[3]

_____

[3] In support of his statement that "[e]quitable relief is within the authority of this Court," Myers cites Wooley v. Maynard, 430 U.S. 705, 712 (1997), and explains that Wooley v. Maynard stands for the proposition that "federal courts have authority to grant equitable relief in the criminal area."  Defendant's Motion for Court to Modify his Term of Imprisonment ¶1(A), at 1.  In Wooley v. Maynard, the Supreme Court of the United States addressed whether a federal district court could exercise equitable jurisdiction over a § 1983 claim brought by the plaintiff seeking injunctive relief from future state prosecutions against him for violation of a state statute.  See Wooley v. Maynard, 430 U.S. at 710-13.  The Court held that "in some circumstances injunctive relief may be appropriate," and explained that there must be "'exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights.'"  Id. (quoting  Spielman Motor Co. v. Dodge, 295 U.S. 89, 95 (1935)).  Thus, Myers is not in error by

by modifying the terms of his imprisonment.

In addition to the reasons already given, Myers contends that the cost of treating these chronic diseases will only increase over time and the burden on the United States, in combination with the concept of mercy, outweigh the traditional goals of incarceration -- retribution and deterrence. Meyers asserts that his argument is especially true given that Myers was not convicted of any violent offenses.

Myers is not eligible for a special circumstances reduction in his sentence based on his medical condition.  Section 3582(c)(1)(A), which may apply to him, requires that the Director of the Bureau of Prisons bring a motion.  See United States v. Smart, 129 F.3d 539, 541 (10th Cir. 1997).  The Court, in the exercise of its equitable powers, is not free to ignore the requirements that Congress has set forth before the district court can exercise that discretion.  United States v. Blackwell, 81 F.3d at 946 ("Congress has authorized the federal courts to modify a sentence only in limited circumstances. [If] no congressional enactment authorize[s] the court to modify Defendant's sentence in the instant case, the court [will] lack[] jurisdiction to do so.").

Moreover, the Court cannot modify Myers' sentence pursuant to rule 35(a) because Myers filed his motion almost one year after the Court sentenced him and entered final judgment.  Likewise, rule 35(b) cannot serve as the basis of this Court's jurisdiction, because a modification under it must be made "[u]pon the government's motion."  The United States has not moved for a reduction for

---

asserting that, in some circumstances, a federal district court has equitable powers in the criminal context.  This statement, and the case law underlying it, however, does not support the exercise of equitable relief in this circumstance.  In this case, Myers invokes the Courts "equitable power" to modify an earlier federal sentence issued by this Court, but the Supreme Court's recognition that, in some instances, a court may issue injunction relief does not support Myers' position.  To so hold would be contrary to Tenth Circuit precedent, which directs courts to modify sentences only in statutory proscribed circumstances.

substantial assistance and has expressed its opposition to Myer's motion.  Thus, rule 35(b) does not apply.

Finally, Myers also argues that, because the Supreme Court has recently held that the Federal Sentencing Guidelines are no longer mandatory, Myers' imposed sentence is not any longer the legally mandated outcome.  <u>See</u> <u>United States v. Booker</u>, __ U.S. __, 125 S.Ct. 738 (2005).  Myers attempts to augment his request by implying that the Court could apply the holding in <u>United States v. Booker</u> retroactively to his case and thereby enhance his contention that the Court should reduce his term of imprisonment.  Because the Tenth Circuit has indicated that <u>Blakely</u> and <u>Booker</u> do not apply retroactively, this argument also fails.

**IT IS ORDERED** that the Defendant's Motion for Court to Modify His Term of Imprisonment is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
   United States Attorney for the
      District of New Mexico
Mary Catherine McCulloch
   Assistant United States Attorney for the
      District of New Mexico
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Joseph N. Riggs III
Albuquerque, New Mexico

       *Attorney for the Defendant*